IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Action No. 08-cr-00166-WYD

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

1. LARRY NEIL GRANT

  Defendant.

## ORDER

THIS MATTER is before the Court on Defendant's Status Report and Motion for Ends of Justice Continuance, filed September 10, 2009 [#80]. Defendant is charged with one count of Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250. A hearing on the motion took place September 30, 2009.

By way of background, I note that Defendant previously requested an ends of justice continuance in this case on May 21, 2008, which the Court granted in order to extend the deadline for Defendant to file various motions. Defendant subsequently filed a motion to suppress and various motions to dismiss, and on December 16, 2008, the Court entered an Order denying these motions. Defendant then filed a second unopposed motion for ends of justice continuance on January 5, 2009, which was granted pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv)[1], and extended the speedy

---

[1] 18 U.S.C. § 3161 as amended became effective October 13, 2008. 18 U.S.C. § 3161(h)(7) replaced 18 U.S.C. § 3161(h)(8).

trial deadlines for a period of ninety (90) days pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

In his second request for continuance, Defendant sought continuance so that he could face trial in a separate Weld County District Court case, unimpeded by the simultaneous prosecution of this case. Defendant noted that the allegations and consequences of conviction in the Weld County case, where he faces charges of two counts of Sexual Assault on a Child by One in a Position of Trust-Pattern of Abuse, are far more serious than the allegations in the present case. In addition, Defendant noted that his guideline calculation in the instant case will be greatly impacted by the facts being litigated in the Weld County case.

On April 6, 2009, Defendant filed a third motion for ends of justice continuance, indicating that the charges in the Weld County case have been amended to add a new charge providing for a sentence enhancement, and that a motions hearing has been scheduled for June 19, 2009, and trial is scheduled to begin August 31, 2009. An order entered April 8, 2009, granted a further ninety (90) day continuance pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv). Defendant was required to file a status report on or before July 1, 2009. On June 17, 2009, Defendant requested a fourth ends of justice continuance in which he requested an additional ninety (90) day continuance based on the same grounds asserted in his January 5, 2009 and April 6, 2009 requests. That request was granted by Order dated June 18, 2009.

In the instant motion, Defendant seeks a fifth ends of justice continuance, based on the fact that his trial in the Weld County case has been rescheduled to begin on

December 14, 2009, with a second phase of the trial set to commence December 28, 2009. Defendant requests an additional 120-day continuance.

Generally, the Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Tenth Circuit held that "[t]he Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions. *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only to protect defendant's right to speedy trial, but also 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004)." *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Tenth Circuit further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar. *See* 18 U.S.C. § 3161(h)." *Id.*

The *Williams* Court went on to say that the Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial. This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case. *Zedner*, 126 S.Ct. at 1984." *Id.* at 1048-49 (internal citation omitted). However, the

Tenth Circuit has cautioned that "ends-of-justice continuances should not be granted cavalierly. *See United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir.1989) (observing that such continuances were 'meant to be a rarely used tool' (internal quotation marks omitted) (*quoting United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir.1985)))." *Id.*

The Tenth Circuit recently reaffirmed its holdings in *Williams* and *Doran* and emphasized that the ends of justice exception to the Speedy Trial Act "was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v. Toombs*, ___ F.3d ___, 2009 WL 2357228 * 5 (10th Cir., Aug. 3, 2009) (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989). "The requirement that the district court make clear on the record its reasons for granting an ends-of justice continuance serves two core purposes. It both ensures the district court considers the relevant factors and provides the court with an adequate record to review." *Id.* (citations omitted). The *Toombs* Court noted that the record "must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time." *Id.* at *7.

The Court, having carefully considered the request and the controlling law, and being fully advised in the premises, hereby finds that the instant motion for an ends of justice continuance should be granted pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i). Because the allegations and consequences of conviction in the Weld County case are far more serious than the allegations in the present case, the presentation of witnesses and a decision concerning whether Defendant may testify in the present case will be impacted by the outcome of the Weld County case, and the fact that the guideline

-4-

calculation in the instant case will be greatly impacted by the facts being litigated in the Weld County case, I find that the failure to grant a continuance in the present case would result in a miscarriage of justice, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i).  Based on the above, I find that the ends of justice served by an additional 120 day extension of the speedy trial deadlines outweigh the best interest of the public and the Defendants in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i).  I further note that pursuant to 18 U.S.C. § 3161(h)(1)(B), any delay resulting from a trial with respect to other charges against the Defendant shall be excluded in computing the time within which the trial in this case must commence.

Based on the foregoing and for the reasons stated on the record, it is

ORDERED that Defendant's Status Report and Motion for Ends of Justice Continuance, filed September 10, 2009 [#80] is **GRANTED**. In accordance therewith, it is

FURTHER ORDERED that the speedy trial deadlines are tolled for an additional **(120) days**.  It is

FURTHER ORDERED that a status conference is set for **Tuesday, January 19, 2010, at 2:00 p.m.**  It is

FURTHER ORDERED that the parties shall file status reports no later than **Thursday, January 14, 2010**.

Dated: October 2, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge